IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACQUELINE C. FJELLIN, for and as Trustee of the Leonard Van Liew Living Trust; and JAMES J. VAN LIEW, for and as Trustee of the Leonard Van Liew Living Trust;<br><br>Plaintiffs,<br><br>vs.<br><br>MARVIN PENNING, individually; MARY PENNING, individually; MYRON KAPLAN, individually; and  MCGILL GOTSDINER WORKMAN & LEPP, P.C., L.L.O.,<br><br>Defendants. | 8:14CV77<br><br>**MEMORANDUM AND ORDER** |

Following the dismissal of Plaintiff's claims against defendants Myron Kaplan and McGill Gotsdiner Workman & Lepp, P.C., L.L.O. under Rule 12(b)(6), the plaintiffs moved to amend their complaint to:

1) Assert new or more detailed allegations against Kaplan and his law firm;

2) Reassert their previously dismissed claims; and

3) Add defendants and claims against Frauenshuh Hospitality Group of KY/IN, LLC, a Minnesota Limited Liability, and Frauenshuh Hospitality Group of Minnesota, a Minnesota Limited Liability Company.

(Filing No. 21).

While reviewing the plaintiffs' proposed amended complaint, the undersigned magistrate judge discovered a fundamental pleading defect:  The proposed amended complaint fails to allege a basis for exercising federal subject matter jurisdiction. Specifically, Frauenshuh Hospitality Group of KY/IN, LLC and Frauenshuh Hospitality Group of Minnesota, LLC are allegedly Minnesota Limited Liability Companies.  (Filing

No. 21-1, at CM/ECF p. 3). But the proposed amended complaint fails to allege the citizenship of the their members. For purposes of diversity jurisdiction, the citizenship of an LLC depends on the citizenship of all its members. GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004). As applied to this case, if any member of the Frauenshuh LLCs is a citizen of either South Dakota or Oregon, complete diversity is lacking, and this court lacks subject matter jurisdiction over the proposed amended complaint.

A federal court cannot grant leave to file an amended pleading if, on its face, that pleading lacks the requisite showing of subject matter jurisdiction. And absent a threshold showing of subject matter jurisdiction, the court cannot comment on whether the proposed complaint would otherwise state a claim for relief. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998); Bell v. Hood, 327 U.S. 678, 682 (1946).

Accordingly,

IT IS ORDERED that the plaintiffs' motion to amend, (Filing No. 21), is denied.

February 11, 2015.

                            BY THE COURT:

                            *s/ Cheryl R. Zwart*
                            United States Magistrate Judge