IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACQUELINE C. FJELLIN, for and as Trustee of the Leonard Van Liew Living Trust, and JAMES J. VAN LIEW, for and as Trustee of the Leonard Van Liew Living Trust, <br><br> Plaintiffs, <br><br> v. <br><br> MARVIN PENNING, individually, MARY PENNING, individually, MYRON KAPLAN, individually, and MCGILL GOTSDINER WORKMAN & LEPP, P.C., L.L.O., <br><br> Defendants. | 8:14CV77 <br><br> **MEMORANDUM AND ORDER** |

In September 2014, I granted a Rule 12(b)(6) motion (Filing 10) filed by defendants Myron Kaplan ("Kaplan") and McGill Gotsdiner Workman & Lepp, P.C., L.L.O. ("McGill"), as to Plaintiffs' UCC (Uniform Commercial Code) and negligence claims against them. I granted Plaintiffs leave to file a motion to amend their complaint "to assert claims against [Kaplan and McGill] related to the allegation that defendant Kaplan caused sale proceeds to be kept from the Trust." The motion for leave to file an amended complaint was to be filed by September 19, 2014. (Filing 20.)

In compliance with my order, Plaintiffs filed a motion to file and serve an amended complaint on September 19, 2014. (Filing 21.) However, in violation of my order, Plaintiffs included in their proposed amended complaint two additional defendants and claims against them, and also reasserted the previously dismissed UCC

and negligence claims against Kaplan and McGill. (Filing 21-1.)

After briefing on Plaintiffs' motion to file an amended complaint (Filings 22, 23, 25), and on February 11, 2015, Magistrate Judge Zwart denied (Filing 26) Plaintiffs' motion for leave to amend because the proposed amended complaint failed to allege the citizenship of members of two Minnesota LLCs that Plaintiffs sought to add as new defendants such that complete diversity could be lacking.

On February 24, 2015, Plaintiffs filed an objection (Filing 29) to Magistrate Judge Zwart's order, followed the next day by a second motion for leave to amend the complaint. (Filing 32). In light of the second motion for leave to amend the complaint, I denied as moot the Plaintiffs' objection to Magistrate Judge Zwart's order denying Plaintiffs' first motion for leave to amend. (Filing 37.)

Plaintiffs' second motion for leave to amend the complaint (Filing 32), now pending before me, states that Plaintiffs have removed one of the two new LLC defendants and have added jurisdictional allegations against the other new LCC defendant. Plaintiffs also admit that they have indeed reasserted the dismissed UCC and negligence claims against Kaplan and McGill, but only "for the sole purpose of preserving their right to appeal from the dismissal of such claim[s]."[1] (Filing 32 at

---

[1] The prevailing federal view is that a party does not waive the right to appeal a court's dismissal of claims when leave to amend is given. *Young v. City of Mount Ranier,* 238 F.3d 567, 572-73 (4th Cir. 2001) ("the plaintiff does not forfeit the right to challenge the dismissal on appeal simply by filing an amended complaint that does not re-allege the dismissed claim"); *Lacey v. Maricopa Cnty.,* 693 F.3d 896, 927 (9th Cir. 2012) ("[f]or claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal . . . for any claims voluntarily dismissed, we will consider those claims to be waived if not repled"); *Badger Pharm., Inc. v. Colgate-Palmolive Co.,* 1 F.3d 621, 625 (7th Cir. 1993) (when plaintiff amended complaint after court dismissed misrepresentation claims, plaintiff "did not waive any challenge to the

CM/ECF p. 2.)

     I shall deny Plaintiffs' second motion for leave to amend the complaint (Filing 32) because the proposed amended complaint (Filing 32-1) fails to comply with this court's prior order (Filing 20)—which allowed amendments by September 19, 2014, *solely* "to assert claims against [Kaplan and McGill] related to the allegation that defendant Kaplan caused sale proceeds to be kept from the Trust." Specifically, the proposed amended complaint, *without leave to do so*, (a) was filed four months beyond the court's deadline; (b) added a new defendant and claims against that defendant; and (c) contained the previously dismissed UCC and negligence causes of action against Kaplan and McGill.[2]

---

district court's dismissal of the misrepresentation claims"); *Davis v. TXO Prod. Corp.,* 929 F.2d 1515, 1517 (10th Cir. 1991) ("a rule requiring plaintiffs who file amended complaints to replead claims previously dismissed on their merits in order to preserve those claims merely sets a trap for unsuspecting plaintiffs with no concomitant benefit to the opposing party"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada,* 674 F.2d 1365, 1370 (11th Cir. 1982) (when district court, with plaintiff's consent, dismissed original complaint for failure to state claim upon which relief could be granted and granted plaintiff leave to amend, plaintiff was not barred, by filing the amended complaint, from raising on appeal the correctness of the dismissal order); *Wilson v. First Houston Inv. Corp.,* 566 F.2d 1235, 1238 (5th Cir.1978) (by filing amended complaint after court's dismissal with leave to amend, plaintiff was not barred from raising on appeal the correctness of dismissal order), *vacated on other grounds,* 444 U.S. 959 (1979). *See also* 6 Charles Alan Wright, *et al., Federal Practice & Procedure* § 1476 (3d ed. Westlaw 2015) ("A rule that a party waives all objections to the court's dismissal if the party elects to amend is too mechanical and seems to be a rigid application of the concept that a Rule 15(a) amendment completely replaces the pleading it amends. Without more, the action of the amending party should not result in completely denying the right to appeal the court's ruling.").

    [2]Obviously, amending the complaint to restate UCC and negligence claims against Kaplan and McGill is futile because such claims previously have been dismissed on the merits. *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 511 (8th Cir. 2012) ("[W]hen the court denies leave on the basis of futility, it means the

3

Accordingly,

IT IS ORDERED that Plaintiffs' Motion for Leave to Amend the Complaint (Filing 32) is denied.

DATED this 11th day of May, 2015.

                                            BY THE COURT:
                                            *Richard G. Kopf*
                                            Senior United States District Judge

---

district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) . . . .") (internal quotation marks and citation omitted).

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.